COTTRELL v. SOUTHWICK ET AL.

1. **Practice on Appeal**: EVIDENCE TO SUPPORT VERDICT. Although the testimony of a party as to a material question is uncontradicted by any direct evidence, yet where circumstances are proved which tend to cast suspicion on such testimony, there is a conflict of evidence, and this court will not interfere with the verdict of a jury based thereon.

2. **Usury**: NOTE FOR MONEY TO PAY USURIOUS NOTES. A note is not usurious because given for money advanced by the payee for the maker in payment of usurious notes made to a third party.

*Appeal from Cedar Circuit Court.*

FRIDAY, MARCH 4.

ACTION on a promissory note. Defendant S. P. Southwick answered that the only consideration of the note was usurious interest, which plaintiff charged and computed on certain other promissory notes which he held against defendant. The other defendant answered that he signed the note as surety for his co-defendant, and that it was agreed between him and plaintiff at the time he signed the note that plaintiff would obtain the signature of one Gearhart thereto as a co-surety, and that it was not to become binding on defendant until Gearhart's signature was obtained. The verdict and judgment were for defendants. Plaintiff appeals.

*Piatt & Carr*, for appellant.

*J. W. Jamison*, for appellees.

REED, J.—We find it necessary to consider only those questions which arise under the plea of usury. In 1874 the defendants executed a promissory note to one S. S. Whitmore, for $400. This note afterwards came into plaintiff's possession, and afterwards defendant S. P. Southwick received from him a sum of money as a loan, and for the amount of such loan, and in renewal of the $400 note, the defendant gave two promissory notes, which amounted in the aggregate to $683. These notes by their terms were made payable to Louis G. Cottrell, who is plaintiff's father. Subsequently

those notes were taken up, and a single note for the same amount was given, which was also made payable to Louis G. Cottrell. The parties afterwards made a computation to ascertain the amount due on the note, which was found to be something over $900, and defendant paid to plaintiff $745, and gave the note sued on, which is for $191, and took up said note. The note in suit by its terms is payable to plaintiff.

Defendant claims that in these several transactions interest was computed on the notes at the rate of eighteen per cent per annum, and that he paid interest at that rate on the notes which were given for the borrowed money, and in renewal of the $400 note. Also that, in the transaction in which the note in suit was given, interest was computed at the same rate on the $683 note, and that the note in suit was given wholly for such usurious interest. This claim as to the rate at which the interest was computed is not denied by plaintiff. His claim, however, is that the money which was originally loaned to defendant belonged to Louis G. Cottrell, and that, while he had the said $400 note, and those given in renewal of that and for the borrowed money, also the $683 note, in his possession, they all belonged to Louis G. Cottrell, and that the payments of usurious interest which were made by defendant before the transaction in which the note in suit was given were made to him, or for his benefit. He also claims that, in the final transaction, he advanced the sum of $191 to defendant to enable him to pay the amount which was found under the computation to be due said Louis G. Cottrell on the $683 note, and that the note in suit was given for the money so advanced. And on the trial he testified that those were the facts of the several transactions.

I. The first point urged by counsel is that the verdict is not supported by the evidence. There was no direct evidence 1. PRACTICE on appeal: evidence to support verdict. as to the ownership of the several notes prior to the one in suit, except that given by plaintiff. Defendant, however, contended that said notes were in fact the property of plaintiff, and that, in the several

transactions, he acted for himself. He also testified posi-
tively that the note in suit was given for a balance which
was found due on the $683 note, after deducting the cash
payment made by him. He also denied that, in the transac-
tion, there was a loan by plaintiff to him of $191, or any
other sum. If we could say, as matter of law, that the jury
were bound to accept plaintiff's statement as to the owner-
ship of the other notes as the truth, it would follow, probably,
that the verdict should be set aside, as lacking the support
of evidence. But we think we cannot say that. While
plaintiff's testimony as to that question is uncontradicted by
any direct evidence, there were some circumstances proven
which tended to cast suspicion on his story. As stated above,
the money borrowed by defendant was obtained from him.
While the note which was given for the amount was made
payable to L. G. Cottrell, no suggestion was made during the
negotiation that the money belonged to him. All of the
transactions were had with plaintiff in person, and in none
of them did he make the claim that he was acting for his
father, and defendant understood, during all of the transac-
tions, that he was dealing with plaintiff in his own right.
Notes were given at other times for the interest found due,
and some of these notes were made payable to him or to
his firm. We think the question fairly arose as to the
credence which should be given to his testimony. The jury
might fairly conclude, from all of the circumstances, that the
manner in which the business was transacted was but a
device resorted to by him to avoid the statute against usury.
The rule has long prevailed here that we will not disturb the
verdict of a jury when there is a fair conflict in the evidence.
And it is equally well settled that, when the jury have deter-
mined a question as to the credit which should be given to
the testimony of a particular witness, when such question
fairly arose in the case, their finding will not be set aside.

II.   The circuit court gave the following instruction, to

Cottrell v. Southwick et al.

which exception is taken by plaintiff: "It is conceded that

**1. USURY:** S. P. Southwick signed said note, and delivered
note for
money to pay the same to plaintiff, and he is liable thereon,
usurious
notes. unless you find that said note was given for bal-
ance on previous notes, and that said notes were usurious;
and if you so find, then the note in suit is tainted with usury;
but if you find that the note was given to plaintiff for money
to be applied in payment of other notes which were usurious,
then it would not be usurious, and such defense would fail."
Counsel for appellant contend that this instruction warranted
the jury in finding that the note was tainted with usury, not-
withstanding they may have found that plaintiff was not a
party to the usurious contract, but that it existed between
defendant and L. G. Cottrell, and the note was given
for money advanced by plaintiff to be paid on that contract.
But we think the instruction is not fairly capable of that
construction. By the last clause of the instruction the jury
were told that the defense of usury is not sustained, if the
evidence shows that the note was given for money advanced
by plaintiff, to be applied in payment of other notes which
were usurious. That clause fairly submits plaintiff's claim
as to the character of the transaction in which the note was
given to the jury for determination.

We discover no error in the record, and the judgment
will be

AFFIRMED.